In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Arness Ham, #282165,** ) | |
| ) | Civil Action No. 9:07-0432-RBH-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Warden Padula, Lee Correctional** ) | **OF THE MAGISTRATE JUDGE** |
| **Institution of South Carolina,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

## I.  INTRODUCTION

The Petitioner, Arness Ham ("Petitioner" or "Ham"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  The above-named Respondent has filed a motion for summary judgment.  [9]  As this is a dispositive motion, this Report and Recommendation is submitted for review by the District Court.

## II.  *PRO SE* PETITION

The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28

U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

     *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.   PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

The Darlington County Grand Jury indicted Ham at the September 2000 term of court for Possession of a Firearm during the Commission of Certain Crimes (2000-GS-16-1437), Murder (2000-GS-16-1438), and Armed Robbery (2000-GS-16-1439). (Supp. App. 1-9) Attorney Paul V. Cannarella, Esquire represented Ham on these charges.

On February 25, 2002, Ham appeared before the Honorable John M. Milling and pled guilty to manslaughter, attempted armed robbery, and possession of a firearm during the commission of a crime. Judge Milling sentenced him to thirty years imprisonment for voluntary manslaughter, twenty years imprisonment for attempted armed robbery, and five years imprisonment for possession of a firearm. All sentences were to run concurrently. (App. 3435)

Ham timely served and filed a notice of direct appeal, and then withdrew his appeal by filing an Affidavit dated June 19, 2002. (App. 37). The South Carolina Court of Appeals issued an Order of Dismissal and Remittitur on June 27, 2002.

#### B.  Ham's Application for Post-Conviction Relief

On August 27, 2002,[1] Ham filed a *pro se* application for post-conviction relief ("PCR") (02-CP-16-759), in which he alleged the following grounds for relief:

(1) ineffective assistance of counsel;

(2) subject matter jurisdiction. (App. 40-46)

On the same date, Petitioner filed an Initial Brief of Applicant, in which he presented the following issues:

    A.    Was subject matter jurisdiction lacking in the trial court in the acceptance of this guilty plea?

---

[1] The court has examined the PCR application, dated August 14, 2002 (App. 40-46), and notes that it does not bear a file-stamped date. However, the State's Return (App. 74-77) states that the application for PCR was filed on August 27, 2002.

> B. Was trial counsel ineffective in erroneously advising the Applicant to plead guilty to defective indictments in this case?
>
> C. Was there a conflict of interest in this case?
>
> D. Was the Ex Post Facto clause violated in this case? (App. 47-66)

The State filed its Return on February 5, 2003. (App. 74-77) An evidentiary hearing in the matter was held before the Honorable J. Michael Baxley at the Darlington County Courthouse on May 22, 2003. Ham was present and represented by Michael Holt, Esquire. Assistant Attorney General Chris Newton represented the State. Ham testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Cannarella. (App. 78-114)

On October 3, 2003, Judge Baxley filed an Order of Dismissal in which he denied relief and dismissed the application for PCR with prejudice. Judge Baxley's Order of Dismissal specifically addressed the merits of Ham's claim of subject matter jurisdiction, a claim of double jeopardy, and the claims trial counsel was ineffective because he allegedly (1) failed to contact potential alibi witnesses; (2) told Ham he would "get him convicted;" and (3) advised Ham that it was too late to get another attorney and that it did not matter what he did. The Order also addressed an alleged conflict of interest raised by Ham on the grounds that counsel allegedly had represented a co-defendant at some point. (App. 115-119)

A timely Notice of Appeal was served and filed. Assistant Appellate Defender Aileen P. Clare of the South Carolina Office of Appellate Defense was appointed to represent Ham in collateral appellate proceedings. On February 1, 2005, pursuant to *Johnson v. State*, 364 S.E.2d 201 (1988),[2] Ms. Clare filed a petition for a writ of certiorari with the South Carolina Supreme Court and a Petition to be Relieved as Counsel. The *Johnson* petition raised one issue for review:

---

[2] *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state cases pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Was trial counsel ineffective for not investigating Petitioner's alibi? *Johnson* Petition for Writ of Certiorari at 1.

On February 3, 2005, the State filed a letter in lieu of a formal Return and brief. On February 15, 2005, the Petitioner filed a "45 Day Pro Se Brief of Petitioner," in which he presented the following issues for review:

- A. Was subject matter jurisdiction lacking in the trial Court in the acceptance of this guilty plea?

- B. Was trial counsel ineffective in erroneously advising the Applicant to plead guilty to defective indictments in this case?

- C. Was there a conflict of interest in this case?

- D. Was the Ex Post Facto clause violated in this case?

*Pro Se* Brief of Petitioner at 4.

On February 2, 2006, the South Carolina Supreme Court denied certiorari and granted counsel's request to withdraw from the case. The Remittitur was sent to the Darlington County Clerk of Court on February 21, 2006.

## IV.  FEDERAL COURT HISTORY

Ham is presently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Ham filed this Petition for a writ of habeas corpus (the "Petition") on February 9, 2007, against the above-captioned Respondent, Warden Padula, Warden of the Lee Correctional Institution (the "Respondent").[3] [1] In his *pro se* Petition, Ham raised the following grounds for relief:

Ground One:     Trial counsel was ineffective counsel when he allowed the Petitioner to plea when their (sic) was a highly improper constructive amendment to two of the indictments and failed to object to same.

---

[3]     In *habeas corpus* cases, the Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition. [6] In this case, the Houston v. Lack delivery date is February 9, 2007.

| | |
|---|---|
| Supporting Facts: | . . . [C]ounsel failed to make any objections; and did not challenge the subject matter jurisdiction of these improperly imposed indictments[.]t appealing my conviction[.] |
| Ground Two: | Trial counsel was ineffective assistance of counsel for failing to inform the court of his conflict of interest when he represented one of the co-defendants involved in the case at bar for trial of the petitioner's case. |
| Supporting Facts: | . . . Petitioner's counsel in this instant case did represent one of the co-defendants involved in and with the offenses charged against the petitioner. . . . |
| Ground Three: | Petitioner was sentenced under a constitutional provision of law which violates his rights under the U.S. Constitution and S.C. Constitution and trial counsel was ineffective counsel failing to object to the retroactive application of elimination of parole eligibility upon sentence under statutory violent offender provision which violated the United States Constitution ex post facto clause and the S.C. Constitution. |
| Supporting Facts: | Petitioner was sentenced under an unconstitutional illegal change in law which when applied to him violated his rights . . . |
| Ground Four: | Trial counsel was ineffective counsel when failing to contact, interview of call alibi witnesses for trial, properly assessing a defense for trial and for coercing the Petitioner to plea guilty rather than going to trial. |
| Supporting Facts: | The Petitioner testified at his PCR hearing that he was not present at the scene of the alleged crime. He testified that he gave counsel a list of witnesses who would have substantiated his alibi, and that counsel failed to contact any of them. Trial counsel testified that he could not remember and Petitioner testified that the counsel coerced him into pleading guilty. |

On February 20, 2007, the undersigned issued an Order which authorized service upon the Respondent and notified Ham of the change of address rule. [6] On April 16, 2007, the Respondent filed a Return and Memorandum of Law in Support of Motion for Summary Judgment (the "Return") and supporting exhibits and a Motion for Summary Judgment. [8; 9]

The undersigned issued an Order filed on April 18, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Ham of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the

Respondent's Return.[4]  [12]  Ham filed his response to the Respondent's Return on May 14, 2007.  [14]  As the issues have been joined, this matter is ripe for review by the undersigned.

## V.    HABEAS CORPUS REVIEW

### A.  The Antiterrorism and Effective Death Penalty Act

The present habeas corpus petition was filed on February 9, 2007.  Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

### B.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "The time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  While state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review;

---

[4]  The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

instead, the one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000).  Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court following the denial of post-conviction relief.  *Lawrence v. Florida*, — U.S. —, — S.Ct. —, 2007 WL 505972, *3-5 (2007) ("[r]ead naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application. . . . [A]llowing the statute of limitations to be tolled by certiorari petitions would provide incentives for state prisoners to file certiorari petitions as a delay tactic.  By filing a petition for certiorari, the prisoner would push back § 2254's deadline while we resolved the petition for certiorari.  This tolling rule would provide an incentive for prisoners to file certiorari petitions–regardless of the merit of the claims asserted–so that they receive additional time to file their habeas applications"); *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)"); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (application for state collateral review remains pending during the time to seek further review in the state courts, "until the application has achieved final resolution through the State's post-conviction procedures"[.]).  "[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation against the party.' "  *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), *quoting Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

In the present case, it is clear that Petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A).  Ham's state court convictions became final on June 27, 2002, when the state court of appeals dismissed the appeal at Ham's request (App. 37) and

sent the Remittitur to the Darlington County Clerk of Court.  He thereafter had one year within which to file a habeas petition, absent tolling.

Petitioner filed his PCR Application on August 27, 2002, which was sixty-one (61) days after Petitioner's convictions became final.[5]  *See Gary v. State*, 347 S.C. 627, 557 S.E.2d 662 (2001) (mailing of a PCR application does not constitute filing, for statute of limitations purposes.  Instead, an application is filed when received by the Clerk of Court).  Petitioner's state PCR proceedings ended when the state supreme court sent the Remittitur to the Darlington County Clerk of Court on February 21, 2006.

The *Houston v. Lack*, 487 U.S. 266 (1987) "delivery" date for Ham's *pro se* Petition for Writ of Habeas Corpus is February 9, 2007, which is three hundred fifty-three (353) days after the state PCR proceedings had concluded and four hundred fourteen (414) days after his convictions became final.

In this case, the Petitioner has not offered any explanation "external to [his] own conduct" to excuse the late filings, and thus the court does not find that this is an instance where equitable tolling would apply.  *See Hill v. Braxton*, 277 F.3d at 704.  Therefore, the Petition is barred by the one year limitation period set forth in Section 2244(d)(1) and it is recommended that the Petition should be denied and dismissed.

---

[5] The undersigned has calculated that from June 27, 2002 to August 27, 2002 is 61 days. (Three days in June plus thirty-one days in July plus twenty-seven days in August).  The Respondent's Return (page 2) correctly states the date that the PCR was filed as August 27, 2002 but a scrivener's error mis-states this date as August 22 later in the Return, on page 7.  This five day difference, however, does not save the Petitioner's Petition from untimeliness.

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Respondent's Motion for Summary Judgment **[9] should be granted**.

*[signature]*
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

June 14, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).