UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Arness Ham, #282165, | ) | C/A No. 9:07-0432-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Warden Padula, Lee Correctional | ) | |
| Institution of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Arness Ham is an inmate of the South Carolina Department of Corrections ("SCDC") currently incarcerated at Lee Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The *Houston v. Lack*[1] delivery date for the petition is February 9, 2007.

**PROCEDURAL HISTORY**

Petitioner was indicted in Darlington County for possession of a firearm during commission of certain crimes, murder, and armed robbery in September of 2000. Petitioner pleaded guilty to manslaughter, attempted armed robbery, and possession of a firearm during commission of a crime on February 25, 2002 before Judge John M. Milling in the Court of General Sessions for Darlington County, South Carolina. Judge Milling sentenced the petitioner to thirty years imprisonment for voluntary manslaughter, twenty years for attempted armed robbery, and five years for possession of a firearm, to run concurrently. Petitioner appealed his conviction and sentence but withdrew his appeal. The remittutur came down on June 27, 2002.

---

[1] *Houston v. Lack*, 487 U.S. 266 (1988).

1

On August 27, 2002, the petitioner filed a *pro se* application for post-conviction relief ("PCR") in state circuit court. An evidentiary hearing was held on May 22, 2003, before Circuit Judge J. Michael Baxley. Judge Baxley issued an Order on October 3, 2003, dismissing the PCR on the merits. The petitioner filed a timely notice of appeal to the South Carolina Supreme Court. The Supreme Court denied the petitioner's Petition for Writ of Certiorari on February 2, 2006, and the remittitur came down on February 21, 2006.

As noted hereinabove, this petition for habeas corpus was filed on February 9, 2007. The respondents filed a return and motion for summary judgment on April 16, 2007. A *Roseboro* Order was entered on April 18, 2007, advising the petitioner of the consequences if he failed to respond within 34 days. Petitioner filed a response on May 14, 2007.

The Magistrate Judge issued a report and recommendation on June 14, 2007, recommending that the respondents' motion for summary judgment be granted and that the petition for habeas corpus be dismissed as untimely based on the statute of limitations of AEDPA, 28 U.S.C. § 2244(d). On July 2, 2007, the petitioner filed objections to the Report.

## SCOPE OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge George C. Kosko filed June 14, 2007. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the

Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## ANALYSIS

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the case at bar, there is no allegation by the petitioner that "an impediment" existed under state law which violated the Constitution and which prevented the petitioner from filing this action

under subsection (B) of the Act. There has also been no allegation that the case involves a new right recognized by the Supreme Court under (C) or that the factual predicate for the claim was only recently discovered under (D). Instead, the petitioner asserts that the one-year period specified in AEDPA does not bar his claim on the basis that equitable tolling applies, since the state Supreme Court did not address the merits of his claim. He does not challenge the manner of calculation of the dates applicable to the statute of limitations.

Equitable tolling is only available in limited circumstances. "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The petitioner has provided no legally adequate reasons to justify equitable tolling of the statutory deadlines for federal habeas proceedings. In addition, the South Carolina Supreme Court is not required to issue a writ of certiorari for every post conviction relief case. *See* SCACR 227; S.C.Code Ann. § 17-27-100 (1976), as amended.

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

July 17, 2007
Florence, South Carolina

5